

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00073-CR

_____

GBENGA ANTHONY FADIPE A/K/A GBENGA A. FADIPE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1548587D

---

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

Gbenga Anthony Fadipe appeals his conviction for theft of property with a value exceeding three hundred thousand dollars, a first-degree felony offense. *See* Tex. Penal Code Ann. § 31.03(e)(7). Fadipe entered an open plea of guilty. Following a sentencing hearing, the trial court sentenced Fadipe to twelve years' incarceration.[1]

On appeal, Fadipe's counsel has filed a motion to withdraw and a brief in which he argues that the appeal is frivolous. Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel provided Fadipe with copies of his brief and motion to withdraw, and he informed Fadipe of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Fadipe filed a pro se response in which he requested that his appeal be withdrawn.[2] The State submitted a letter indicating that it would not file a response to

---

[1]Fadipe was given credit for time served.

[2]While clearly stating in his response that he did not wish to pursue his appeal, Fadipe also requested a sentence reduction. In support of his request, Fadipe included a laundry list of fifteen "evidences," including several complaints about both the advice he received from and the strategy employed by his trial counsel. However, on the record before us, Fadipe's complaints, without more, are insufficient to show that his trial counsel was ineffective. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex.

the *Anders* brief or the motion to withdraw filed by Fadipe's counsel.[3]

In the *Anders* context, we must conduct an independent evaluation of the record to determine whether the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Jury v. State*, 472 S.W.3d 880, 880 (Tex. App.—Fort Worth 2015, no pet.) (mem. op.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion

---

Crim. App. 2012); *see also Sabatini v. State*, No. 14-20-00066-CR, 2020 WL 7866724, at *7 (Tex. App.—Houston [14th Dist.] Dec. 31, 2020, no pet.) (mem. op., not designated for publication) (noting that in the absence of direct evidence of counsel's reasoning, "an appellate court will assume a strategic motivation if any can be imagined" (citing *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001))). As the Texas Court of Criminal Appeals has made clear, "post-conviction writ proceedings are a better forum for pursuing . . . an ineffective assistance of counsel claim" than a direct appeal. *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). Because there is nothing in the record to suggest that the trial court abused its "essentially 'unfettered'" discretion in assessing Fadipe's punishment, which is well within the statutory range for his first-degree felony offense, we see no basis for reducing his sentence. *See Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (quoting *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)).

[3]In its letter, the State pointed out the absence of record evidence showing that Fadipe's trial counsel was ineffective and made clear that it opposed any reduction of his sentence.

to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 27, 2023

4